**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATINA OLIVIA BUCHANAN,<br><br>              Plaintiff,<br><br>     v.<br><br>INGRAM CONTENT GROUP and<br>LIGHTNING SOURCE INCORPORATED,<br>LLC,<br><br>              Defendants. | Civil Action No. 20-cv-2421<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

Presently before the Court is Defendants' motion to dismiss the complaint. D.E. 6. *Pro se* Plaintiff Katina Olivia Buchanan also filed the following motions: (1) motion to submit to alternate dispute resolution, D.E. 5; (2) motion to strike the motion to dismiss, D.E. 10; and (3) motion to stay and cross-motion in limine, D.E. 15. The Court reviewed all submissions made in support and in opposition to the motions, D.E. 5, 7-10, 12-13, 15-17, and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendants' motion to dismiss is **GRANTED** and Plaintiff's motions are **DISMISSED AS MOOT**.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

*Pro se* Plaintiff Katina Olivia Buchanan filed her complaint in this matter on March 3, 2020. Plaintiff alleges that Defendants had an agreement with the publisher of her book (a non-party) to issue sales payment to Plaintiff, and that Defendants have not made sufficient payments. D.E. 1 at 4. Plaintiff seeks $20,000 in damages, alleging embezzlement by Defendants. *Id.*

Plaintiff asserts that this Court has federal question jurisdiction over the matter through three criminal statutes. *Id.* at 3.

On April 6, 2020, Plaintiff filed a motion seeking an order requiring the parties to submit to alternate dispute resolution. D.E. 5. On April 23, 2020, Defendants filed a motion to dismiss the Complaint arguing, among other things, that the Court lacks subject matter jurisdiction over the matter and that Plaintiff fails to state a claim. D.E. 6. Plaintiff subsequently filed motions that seek to strike Defendants' motion, D.E. 10, and to stay the motion, D.E. 15, so the Court can decide her alternate dispute resolution motion.

## II. MOTION TO DISMISS STANDARD

In deciding a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court must first determine whether the party presents a facial or factual attack because that distinction determines how the pleading is reviewed. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015). For a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003). The burden is on the plaintiff to prove that the Court has jurisdiction. *Id.* In this instance, Defendants mount a facial challenge to the Court's subject matter jurisdiction.

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).  In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).  Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth.  *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011).  The Court, however, "must accept all of the complaint's well-pleaded facts as true."  *Fowler*, 578 F.3d at 210.

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'"  *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

### III. ANALYSIS

#### 1. Subject Matter Jurisdiction

Defendants argue that Plaintiff's Complaint sounds in breach of contract, and Plaintiff fails to plead any federal claims.  Thus, Defendants continue, this matter must be dismissed for lack of subject matter jurisdiction.  Def. Br. at 5.  "Federal courts are not courts of general jurisdiction." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-42 (1986).  In order to adjudicate a case, a federal court must have subject matter jurisdiction.  *Id.*  Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

28 U.S.C. § 1331.  This is referred to as federal question jurisdiction.[1]  The existence of federal question jurisdiction is governed by the "well-pleaded complaint" rule.  "Under the 'well-pleaded complaint' rule, federal jurisdiction is lacking unless a federal question appears on the face of a properly pleaded complaint."  *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir. 1999).

In this instance, Plaintiff appears to allege that Defendants' violation of three federal criminal statutes gives rise to the Court's federal question jurisdiction.  The criminal statutes Plaintiff relies on are (1) the Computer Fraud and Abuse Act of 1986 ("CFAA"), 18 U.S.C. § 1030; (2) "Fraud and False Statements," 18 U.S.C. § 1005; and (3) "Embezzlement," 18 U.S.C. § 656.  D.E. 1 at 3.  Ordinarily, federal criminal statutes do not provide individuals with a private right of action in a civil case.  *See, e.g.*, *Weeks v. Bowman*, No. 16-9050, 2017 WL 557332, at *2 (D.N.J. Feb. 10, 2017) (dismissing civil matter for lack of subject matter jurisdiction because criminal statutes cited by the plaintiff did not create a private right of action).  If a statute provides a private right of action, however, an individual may "bring suit to remedy or prevent an injury that results from another party's actual or threated violation of a legal requirement."  *Wisniewski v. Rodale, Inc.*, 510 F.3d 294, 296 (3d Cir. 2007).  Here, the CFAA has an express right of action for "[a]ny person who suffers damage or loss by reason of a violation of this section."  18 U.S.C. § 1030(g).  Such an individual may bring a civil suit to recover damages.  *Id.*  Accordingly, this Court has subject matter jurisdiction through the CFAA.[2]

---

[1] A court may also have diversity jurisdiction over a matter pursuant to 28 U.S.C. § 1332(a).  To establish diversity jurisdiction, "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties" as well as an amount in controversy exceeding the statutory threshold of $75,000. *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010); *see also* 28 U.S.C. § 1332(a).  Here, Plaintiff seeks approximately $30,000 in damages.  The Complaint here fails to meet the amount in controversy threshold.

[2] There is no private right of action for the criminal embezzlement, or fraud and false statement statutes cited by Plaintiff.  *See Fiorello v. Santander Bank*, No. 19-10542, 2020 WL 4340148, at

### 2. Failure to State a Claim

Turning to the merits of Plaintiff's claim, the CFAA addresses fraud and wrongful conduct with a computer. 18 U.S.C. § 1030. Plaintiff's Complaint, however, does not mention that Defendants used a computer, computer software, or engaged in any conduct that may implicate the CFAA. As a result, Plaintiff fails to state a claim under the CFAA and the Complaint is dismissed.

When dismissing a claim, a court must grant leave to amend "absent evidence that amendment would be futile or inequitable." *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). An amended complaint would be futile if it "would fail to state a claim upon which relief could be granted." *Id.* at 115. Given Plaintiff's legal theories, the Court has serious concerns that any attempted amendment will be futile. But due to Plaintiff's *pro se* status, the Court will grant Plaintiff leave to file an amended complaint. Consequently, Plaintiff has thirty (30) days to file an amended complaint consistent with this Opinion.

Finally, because Plaintiff's Complaint is dismissed pursuant to Rule 12(b)(6), the Court will not address Plaintiff's motions, as there is presently no claim that could be resolved through alternate dispute resolution. Accordingly, Plaintiff's motions are dismissed as moot.

---

*4 n.6 (D.N.J. July 28, 2020) (no private right of action under 18 U.S.C. § 656); *Davis v. Bank of Am., NA*, No. 19-13515, 2020 WL 2764802, at *5 (D.N.J. May 27, 2020) ("The Court notes that §§ 1005 and 1006 are criminal statutes that do not create private rights of action and are not enforceable in a civil context."). Moreover, even if these statutes did provide Plaintiff a private right of action, Plaintiff fails to state a claim because both criminal statutes address wrongful conduct by a bank officer or employee. *See* 18 U.S.C. § 656; 18 U.S.C. § 1005. In this instance, Defendants appear to be book distributors in the publishing industry. D.E. 1 at 2.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (D.E. 6) is **GRANTED** and Plaintiff's motions (D.E. 5, 10, 15) are **DISMISSED AS MOOT**. An appropriate Order accompanies this Opinion.

Dated: October 6, 2020

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　John Michael Vazquez, U.S.D.J.