UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATINA OLIVIA BUCHANAN,<br><br>                       **Plaintiff,**<br>v.<br><br>INGRAM CONTENT GROUP and LIGHTNING SOURCE INCORPORATED, LLC ,<br><br>                       **Defendants.** | Civil Action No. 20-2421 (JMV)<br><br><br><br>**OPINION** |

**FALK, U.S.M.J.**

This matter comes before the Court upon Plaintiff's motion for leave to amend her Complaint. (CM/ECF No. 20.) The motion is opposed. The motion is decided on the papers. Fed.R.Civ.P. 78(b). For the reasons set forth below, the motion is **denied, without prejudice**.

**BACKGROUND**[1]

*Pro se* Plaintiff, Katina Olivia Buchanan ("Plaintiff"), is the author of a book. According to Plaintiff, Defendants Ingram Content Group LLC and Lightning Source

---

[1] The background facts are taken largely from the District Court's Opinion on Defendants' motion to dismiss (CM/ECF No. 18.)

Incorporated LLC[2] ("Defendants") had an agreement with the book's publisher which required Defendants to pay Plaintiff for the sales of her book. Plaintiff claims that Defendants failed to make sufficient payments to her under that agreement.

On March 3, 2020, Plaintiff filed a Complaint alleging that Defendants embezzled her money, and asserting that Defendants' violation of three federal criminal statutes— the Computer Fraud and Abuse Act of 1986 ("CFAA"), 18 U.S.C. § 1030, Fraud and False Statements, 18 U.S.C. § 1005, and Embezzlement, 18 U.S.C. § 656— gives rise to the Court's federal question jurisdiction. On April 23, 2020, Defendants filed a motion to dismiss arguing, among other things, that the Court lacks subject matter jurisdiction over the case and that Plaintiff failed to state a claim upon which relief can be granted.

On October 6, 2020, the Court granted Defendants' motion. The Court dismissed, without prejudice, Plaintiff's claim under CFAA, finding that although the statute provides Plaintiff with a private right of action and would give rise to subject matter jurisdiction, Plaintiff failed to allege sufficient facts to state a claim for its violation.[3] The Court dismissed Plaintiff's claims under the other two criminal statutes with prejudice, concluding that the statutes do not provide a private right of action.[4] The Court granted Plaintiff leave to file an amended complaint within thirty days consistent with its Opinion. (CM/ECF Nos. 18, 19.)

Instead of filing an amended complaint, Plaintiff filed a motion for leave to amend

---

[2] Defendant states it was improperly pleaded and that its correct name is Lightning Source LLC.
[3] The Court stated that it had subject matter jurisdiction by virtue of the private right of action of CFAA. (CM/ECF No. 18, at 4.)
[4] (CM/ECF No. 18, at 4-5.)

on October 23, 2020.  (CM/ECF No. 20.)  Plaintiff did not include a proposed amended complaint with her motion.  Defendants oppose the motion arguing that it should be denied for two reasons: (1) Plaintiff's motion failed to include a proposed pleading in violation of Local Civil Rule 15.1(a), and (2) any claims Plaintiff may be attempting to assert are futile.

## DISCUSSION

The District Court's October 6, 2020 Order ("Order") on Defendants' motion to dismiss provided Plaintiff with 30 days to "file an amended complaint consistent with [the] Opinion."  (CM/ECF No. 19.)  Specifically, the Opinion and Order provided Plaintiff an opportunity to replead her claim under the CFAA, which addresses fraud and wrongful conduct with a computer.  *See* 18 U.S.C. § 1030.   Plaintiff did not comply with the Order.  Instead she filed a motion seeking leave to amend her Complaint.

The Court will deny with motion without prejudice.  Local Civil Rule 15.1 which governs motions to amend pleadings requires that a motion for leave to amend include a copy of the proposed pleading.  See L.Civ.R. 15.1(a)(1).  The rule also requires that the motion papers contain a "red-lined" version delineating the precise amendments the movant seeks to make.  See L.Civ.R. 15.1(a)(2).  The purpose of the Rule is to provide the Court and the parties an opportunity to evaluate the proposed claims.  *See Folkman v. Roster Fin. LLC,* 2005 WL 2000169, at *8 (D.N.J. Aug. 16, 2005); *see also P. Schoenfeld Asset Mgt. v. Cendant Corp.,* 142 F.Supp.2d 589, 622 (D.N.J.2001).

Here, Plaintiff's motion papers violate both sections of the Rule because Plaintiff's submission does not contain a proposed amended complaint.  Such a deficiency is a

sufficient basis, standing alone, to deny the motion. *See Lake v. Arnold,* 232 F.3d 360, 374 (3d Cir. 2000). Although the Court strains to be indulgent with *pro se* litigants, basic rules must be followed. Without a proposed pleading, neither the Court nor Defendants can assess the claims Plaintiff seeks to assert. *See Folkman,* 2005 WL 2000169, at *8. The Court's need to evaluate the validity of Plaintiff's proposed claims is particularly crucial in light of the Court's statement in its Opinion that "[g]iven plaintiff's legal theories, the Court has serious concerns that any attempted amendment will be futile." (CM/ECF No. 18 at 5.) Thus, notwithstanding the liberal standard governing amendments of pleadings, the Court simply cannot grant the motion as filed.

It appears that Plaintiff, in filing the motion to amend rather than an amended Complaint, must have misunderstood the Court's directive in its October 6, 2020 Order. As set forth above, the Court in its Opinion found that CFAA was a basis for subject matter jurisdiction but that Plaintiff's claim under the statute, as pled, failed to contain sufficient facts to satisfy the federal pleading requirements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's Order granted Plaintiff the discrete opportunity to replead her claim under CFAA. To the extent Plaintiff wants to assert a claim under the CFAA against Defendants, she may do so by filing an amended complaint containing factual allegations that support the claim and need not file a motion to amend.

The Court notes, and Defendants have aptly pointed out in their opposition, that Plaintiff's papers appear to contain statements and allegations regarding Defendants' alleged behavior regarding Plaintiff's book and its publisher which, in large part, sound

in tort.  In fact, it appears that Plaintiff may be intending to abandon her claim under CFAA entirely.  To the extent Plaintiff seeks to amend her Complaint to assert a cause of action for a claim other than one under CFAA, Plaintiff does not have a right to do so.  The Court's Order and Opinion only contemplated Plaintiff filing an amended complaint repleading her private right of action under CFAA against the Defendants.  If Plaintiff wants to amend her pleading to assert other causes of action or name other entities as defendants in the case, she must file a motion seeking leave to amend.  See Fed. R. Civ. P. 15(a)(2).

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to amend her Complaint is **denied without prejudice.**

                                               <u>s/Mark Falk</u>
                                               **MARK FALK**
                                               **United States Magistrate Judge**

**Dated:  March 17, 2021**