Not for Publication

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATINA OLIVIA BUCHANAN,<br><br>   Plaintiff,<br><br> v.<br><br>INGRAM CONTENT GROUP and<br>LIGHTNING SOURCE INCORPORATED,<br>LLC,<br><br>   Defendants. | Civil Action No. 20-cv-2421<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

  Presently before the Court is Defendants' motion to dismiss the amended complaint.  D.E. 28.  In response, *pro se* Plaintiff Katina Olivia Buchanan filed a motion to stay Defendants' motion to dismiss.  D.E. 29.  Defendants filed a brief in opposition to Plaintiff's motion to stay.  D.E. 30.  The Court reviewed all submissions made in support and in opposition to the motions and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).  For the reasons stated below, Defendants' motion to dismiss is **GRANTED** and Plaintiff's motion to stay is **DENIED**.

  **I.**  **BACKGROUND AND PROCEDURAL HISTORY**

  Plaintiff alleges that Defendants had an agreement with the publisher of her book (a non-party) to issue sales payment to Plaintiff, and that Defendants have not made sufficient payments

per this agreement.[1]  Am. Compl. at 10-11.  On April 23, 2020, Defendants filed a motion to dismiss the initial Complaint arguing, among other things, that the Court lacked subject matter jurisdiction over the matter and that Plaintiff failed to state a claim.  D.E. 6.  Plaintiff subsequently filed motions seeking to strike Defendants' motion, D.E. 10, and to stay the motion, D.E. 15, so the Court can decide her alternate dispute resolution motion.  On October 6, 2020, this Court granted Defendants' motion to dismiss for failure to state a claim and provided Plaintiff with leave to file an amended complaint.  The Court also dismissed Plaintiff's motions as moot.  D.E. 18, 19.

After filing a motion to amend, Plaintiff filed the Amended Complaint, the operative pleading, on April 15, 2021.  D.E. 26.  Although Plaintiff includes more details in the Amended Complaint, her claims are still not entirely clear.  Plaintiff seems to allege that Defendants Ingram Content Group ("Ingram") and Lightning Source Incorporated, LLC ("LSI") were parties to a book publishing agreement.  Am. Compl. ¶ 3.  Plaintiff appears to allege that through unauthorized computer access, Ingram created false financial reports relating to her book sales.  *Id.* ¶ 4; *see also id.* at 11 (pleading that Plaintiff suspects that she was not provided with accurate information regarding her book sales).  Plaintiff alleges that this conduct is a violation of the Computer Fraud Abuse Act ("CFAA"), 18 U.S.C. § 1030, and provides a list of "deviations" that purportedly signify that Defendants violated the CFAA.  *Id.* at 9, 62-78.

Defendants subsequently filed the instant motion to dismiss, D.E. 28, and Plaintiff then filed her motion to stay Defendants' motion to dismiss, D.E. 29.  It is unclear what Plaintiff seeks to stay, nor does she explain any legal basis upon which this Court could grant Plaintiff's requested relief of a stay.  Instead, Plaintiff's motion appears to be her attempt to oppose Defendants' motion.

---

[1] The factual background is taken from Plaintiff's Amended Complaint ("Am. Compl").  D.E. 26.  When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

2

Thus, Plaintiff's motion to stay is **DENIED** and the Court treats Plaintiff's filing as an opposition brief.

## II. MOTION TO DISMISS STANDARD

Defendants, in part, seek to dismiss this matter pursuant to Federal Rule of Civil Procedure 12(b)(6). Defs. Br. at 3-8. Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal

conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

### III. ANALYSIS

As discussed, Plaintiff's sole claim alleges a violation of the CFAA. The CFAA addresses fraud and wrongful conduct with a computer. 18 U.S.C. § 1030. Although the CFAA was originally a criminal statute, Congress amended the statute to include a civil cause of action for certain violations of the law. *Id.* § 1030(g). In broad strokes, the CFAA prohibits an individual from intentionally or knowingly accessing a protected computer, without authorization, to cause damage or commit fraud. *Id.* § 1030(a). More specifically, in this instance, Plaintiff appears to allege that Defendants violated Section (a)(4), which include the following elements: "(1) defendant has accessed a 'protected computer;' (2) has done so without authorization or by exceeding such authorization as was granted; (3) has done so 'knowingly' and with 'intent to defraud'; and (4) as a result has 'further[ed] the intended fraud and obtain[ed] anything of value.'" *P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005) (quoting 18 U.S.C. § 1030(a)(4)).

This Court previously dismissed Plaintiff's CFAA claim because Plaintiff did not mention that either Defendant used a computer, software or engaged any other conduct that implicated the CFAA. D.E. 18 at 5. In her Amended Complaint, Plaintiff now pleads that Defendants committed fraud with "indications of computer technology access deviation." FAC at 17; *see also id.* ¶ 4 (pleading that Ingram "is suspected of abusing its corporate power with use of unauthorized computer access"). Plaintiff appears to allege that Defendants used a computer to create false records related to sales of her book. *Id.* at 19. The Amended Complaint, however, does not include critical details such as whether the computer at issue was protected, as defined by the CFAA, or if

any Defendant obtained anything of value through their allegedly improper conduct.  Thus, Plaintiff fails to plead sufficient facts through which the Court could infer that either Defendant violated the CFAA.  As a result, Plaintiff's CFAA claim is dismissed.[2]

When dismissing claims pursuant to Rule 12(b)(6), a court typically gives a plaintiff leave to amend, provided that any deficiencies could be cured through an amended pleading.  *See Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000).  Although it is not clear if Plaintiff will be able to cure her CFAA claim, because Plaintiff is proceeding *pro se*, the Court will provide Plaintiff with an opportunity to amend.  Consequently, the Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein.

Therefore, for the reasons set forth above and for good cause shown,

IT IS on this 14th day of September 2021

**ORDERED** that Defendants' motion to dismiss (D.E. 28) is **GRANTED** and the Amended Complaint is **DISMISSED**; and it is further

---

[2] Throughout the Amended Complaint, Plaintiff alludes to a breach of fiduciary duty claim by alleging that Defendants violated their duty of loyalty. *See, e.g.*, Am. Compl. ¶ 9; *id.* at 79. Even assuming that Plaintiff asserts a breach of fiduciary duty claim, this Court does not have subject matter jurisdiction over this claim.  A claim for breach of fiduciary duty is a common law claim that arises under state law.  Although Federal district courts have diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states," 28 U.S.C. § 1332(a), Plaintiff pleads no facts through which the Court could determine whether diversity jurisdiction exists.  Further, while the Court conceivably could have supplemental jurisdiction over the breach of fiduciary duty claim by virtue of 28 U.S.C. § 1367(a), because the CFAA claim is dismissed, the Court would decline to exercise supplemental jurisdiction over a breach of fiduciary duty claim pursuant to 28 U.S.C. § 1367(c). *See* 28 U.S.C. § 1367(c)(3) (explaining that a district court may decline to exercise supplemental jurisdiction over related state law claims if "the district court has dismissed all claims over which it has original jurisdiction").

**ORDERED** that Plaintiff shall have thirty (30) days from receipt of this Opinion & Order to file an amended complaint that cures the deficiencies noted herein. If Plaintiff does not file an amended pleading within that time, this matter will be dismissed with prejudice; and it is further

**ORDERED** that Plaintiff's motion to stay (D.E. 29) is **DENIED**; and it is further

**ORDERED** that the Clerk's Office is directed to mail a copy of this Opinion & Order to Plaintiff via certified and regular mail.

_____
John Michael Vazquez, U.S.D.J.