**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATINA OLIVIA BUCHANAN,<br><br>   Plaintiff,<br><br> v.<br><br>INGRAM CONTENT GROUP and LIGHTNING SOURCE INCORPORATED, LLC,<br><br>   Defendants. | Civil Action No. 20-cv-2421<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

  Presently before the Court is Defendants' motion to dismiss the Second Amended Complaint. D.E. 40. In response, *pro se* Plaintiff Katina Olivia Buchanan filed an opposition brief, D.E. 41, and a motion to submit additional exhibits and miscellaneous documents for the Court's consideration, D.E. 42. Defendants filed a letter in response to both documents, D.E. 43, and Plaintiff filed a letter in further reply, D.E. 44. The Court reviewed all submissions made in support and in opposition to the motions and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendants' motion to dismiss is **GRANTED**, and Plaintiff's motion is **DENIED**.

I.     BACKGROUND AND PROCEDURAL HISTORY

Plaintiff alleges that Defendants committed wrongdoing, including fraud, as to the sales of her book.[1]  SAC at 11.  Plaintiff appears to allege that Defendants sold more books than they represented to Plaintiff, *id.* at 15, and that they incorrectly informed Plaintiff that her publishing contract was a print on demand arrangement, *id.* at 18.  On April 23, 2020, Defendants filed a motion to dismiss the initial Complaint arguing, among other things, that the Court lacked subject matter jurisdiction and that Plaintiff failed to state a claim.  D.E. 6.  Plaintiff subsequently filed motions seeking to strike Defendants' motion, D.E. 10, and to stay the motion, so the Court could decide her alternate dispute resolution motion, D.E. 15.  On October 6, 2020, the Court granted Defendants' motion to dismiss for failure to state a claim and provided Plaintiff with leave to file an amended complaint.  The Court dismissed Plaintiff's motions as moot.  D.E. 18, 19.

After filing a motion to amend, Plaintiff filed the Amended Complaint on April 15, 2021.  D.E. 26.  Although Plaintiff included more details in the Amended Complaint, her claims remained unclear.  Plaintiff seemed to allege that Defendants Ingram Content Group ("Ingram") and Lightning Source Incorporated, LLC ("LSI") were parties to a book publishing agreement.  Am. Compl. ¶ 3.  Plaintiff also appeared to allege that through unauthorized computer access, Ingram created false financial reports relating to her book sales.  *Id.* ¶ 4; *see also id.* at 11 (pleading that Plaintiff suspects that she was not provided with accurate information regarding her book sales).  Plaintiff alleged that this conduct violated the Computer Fraud Abuse Act ("CFAA"), 18 U.S.C. § 1030.  Am. Compl. at 9, 62-78.

---

[1] The factual background is taken from Plaintiff's Second Amended Complaint ("SAC").  D.E. 35.  When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Defendants subsequently moved to dismiss the Amended Complaint, D.E. 28, and Plaintiff filed a motion to stay Defendants' motion to dismiss, D.E. 29, which the Court treated as an opposition brief, D.E. 33 at 2-3. The Court granted Defendants' motion to dismiss and denied Plaintiff's motion to stay. The Court, however, granted Plaintiff leave to file an amended pleading. D.E. 33. Plaintiff filed the SAC on October 35, 2021, D.E. 35, and Defendants filed the instant motion to dismiss, D.E. 40. Plaintiff then filed her opposition brief, which is entitled "Answer," D.E. 41, and her motion asking the Court to consider additional documents in deciding the motion to dismiss. D.E. 42.

## II.     MOTION TO DISMISS STANDARD

Defendants seek, in part, to dismiss this matter pursuant to Federal Rule of Civil Procedure 12(b)(6). Defs. Br. at 4-9. Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212,

224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010). Moreover, even if plausibly pled, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

### III.  ANALYSIS

As discussed, Plaintiff's sole claim in the Amended Complaint alleged a violation of the CFAA. The CFAA addresses fraud and wrongful conduct with a computer. 18 U.S.C. § 1030. Although the CFAA was originally a criminal statute, Congress amended the law to include a civil cause of action for certain violations. *Id.* § 1030(g). In broad strokes, the CFAA prohibits an individual from intentionally or knowingly accessing a protected computer, without authorization, to cause damage or commit fraud. *Id.* § 1030(a). The Court dismissed Plaintiff's CFAA claim in the Amended Complaint because Plaintiff did not "include critical details such as whether the computer at issue was protected, as defined by the CFAA, or if either Defendant obtained anything of value through their allegedly improper conduct." D.E. 33 at 4-5. In the SAC, Plaintiff provides even fewer details as to a CFAA claim. Plaintiff only appears to allege that Defendants used their own computer system to further the alleged fraud. SAC at 15. Thus, the SAC again fails to include

details that are necessary to support a CFAA claim.[2]  Accordingly, Plaintiff fails to state a CFAA claim.

Plaintiff also references several other federal statutes in the SAC, including 8 U.S.C. § 1324, which pertains to harboring aliens, *id.* at 8, the Fair Credit and Reporting Act, *id.* at 10, and "Corporate Fraud US Code § 47," *id.* at 15.[3]  In addition, Plaintiff pleads that Defendants violated her constitutional rights, *id.* at 33, and discusses the Federal Trade Commission, *id.* at 30, and a seemingly repealed act from India, *id.* at 30.  Plaintiff provides little explanation as to how she is entitled to relief under any of these statutes or through her references to other legal terms, agencies, or foreign law.  Consequently, Plaintiff also fails to state a claim on these grounds.  Plaintiff's SAC, therefore, is dismissed for failure to state a claim.

As discussed, Plaintiff filed a motion requesting that the Court consider additional information to decide Defendant's motion to dismiss.  D.E. 42.  Plaintiff's additional documents include personal bank records, Plaintiff's notes about phone calls that she made to bookstores and her personal marketing efforts to increase sales of her book, information from Glassdoor.com

---

[2] In her opposition, Plaintiff argues that Defendants' false sales report "was intended to 'hack' or damage to [sic] government banking system as well as consumer reporting data systems." D.E. 41 at 3.  These allegations are not in the SAC, and Plaintiff cannot amend the SAC through a brief.  But even if the Court were to consider this additional information, Plaintiff still fails to include adequate allegations to support a CFAA claim.

[3] To the extent that Plaintiff means to assert a claim for common law fraud, this Court would not have subject matter jurisdiction over such a claim.  A common law fraud claim arises under state law.  Although Federal district courts have diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states," 28 U.S.C. § 1332(a), Plaintiff only seeks $20,000 in damages, SAC at 12.  Therefore, Plaintiff would not meet the amount in controversy requirement.  Further, while the Court conceivably could have supplemental jurisdiction over a common law fraud claim by virtue of 28 U.S.C. § 1367(a), because the CFAA claim is dismissed, the Court would decline to exercise supplemental jurisdiction over a fraud claim pursuant to 28 U.S.C. § 1367(c). *See* 28 U.S.C. § 1367(c)(3) (explaining that a district court may decline to exercise supplemental jurisdiction over related state law claims if "the district court has dismissed all claims over which it has original jurisdiction").

about Defendant Ingram Content Group, and documentation about Plaintiff's book sales. *Id.* In deciding a Rule 12(b)(6) motion, a court ordinarily considers only the factual allegations, exhibits attached to the complaint, and matters of public record. *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). Typically, a Court will not consider new factual allegations that a plaintiff provides in opposition to a motion to amend. *See Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984)). Here, Plaintiff provides no legal authority or explanation as to how the Court could legally consider the exhibits and miscellaneous information provided with her motion. Therefore, Plaintiff's motion is denied. And even if the Court were to consider Plaintiff's additional information, Plaintiff still fails to plausibly state a CFAA claim.

When dismissing claims pursuant to Rule 12(b)(6), a court typically gives a plaintiff leave to amend, provided that any deficiencies could be cured through an amended pleading. *See Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). A court, however, may deny leave to amend if any amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Plaintiff has had numerous attempts to assert cognizable claims in this matter yet still fails to state any claim. Accordingly, the Court concludes that providing Plaintiff with leave to file another amended pleading would be futile. The SAC, therefore, is dismissed with prejudice. *See, e.g.*, *TBI Unlimited, LLC v. Clear Cut Lawn Decisions, LLC*, No. 12-3355, 2014 WL 3853900, at *9 (D.N.J. Aug. 5, 2014) (dismissing claims with prejudice where court already provided plaintiff with leave to amend and amended pleading "suffer[ed] from many of the same pleading deficiencies previously identified by the Court").

## IV.     CONLCUSION

For the reasons stated above, Defendants' motion to dismiss (D.E. 40) is **GRANTED** and the Second Amended Complaint is **DISMISSED with prejudice**. In addition, Plaintiff's motion (D.E. 42) is **DENIED**. An appropriate Order accompanies this Opinion.

Dated: June 8th, 2022

_____
John Michael Vazquez, U.S.D.J.
