<u>Not for Publication</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

KATINA OLIVIA BUCHANAN,

      Plaintiff,

    v.

INGRAM CONTENT GROUP and
LIGHTNING SOURCE INCORPORATED,
LLC,

      Defendants.

Civil Action No. 20-cv-2421

**<u>OPINION & ORDER</u>**

**<u>John Michael Vazquez, U.S.D.J.</u>**

Presently before the Court is Plaintiff's motion for reconsideration.  D.E. 48.  Plaintiff also filed two letters requesting that the undersigned recuse himself in this matter.  D.E. 50, 51. Defendants filed a letter brief responding to the motion for reconsideration and recusal request. D.E. 49.  The Court reviewed all submissions made in support and in opposition, and considered Plaintiff's motion and request without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).  For the reasons stated below, Plaintiff's motion for reconsideration and recusal request are **DENIED**.

## I.      BACKGROUND AND PROCEDURAL HISTORY

Plaintiff alleged that Defendants committed wrongdoing, including fraud, as to the sales of her book.[1]  SAC at 11.  Plaintiff appeared to allege that Defendants sold more books than they represented to Plaintiff, *id.* at 15, and incorrectly informed Plaintiff that her publishing contract

---

[1] The factual background is taken from Plaintiff's Second Amended Complaint ("SAC").  D.E. 35.

was a print on demand arrangement, *id.* at 18.  Plaintiff also appeared to allege that Defendants

committed the wrongdoing through unauthorized computer access.  *Id.* at 15.

On April 23, 2020, Defendants filed a motion to dismiss the initial Complaint arguing,

among other things, that the Court lacked subject matter jurisdiction and that Plaintiff failed to

state a claim.  D.E. 6.  The Court granted Defendants' motion to dismiss for failure to state a claim

and provided Plaintiff with leave to file an amended complaint.  D.E. 24, 25.  Plaintiff filed the

Amended Complaint on April 15, 2021.  D.E. 26.  Defendants subsequently moved to dismiss the

Amended Complaint, D.E. 28, and Plaintiff filed a motion to stay Defendants' motion to dismiss,

D.E. 29, which the Court treated as an opposition brief, D.E. 33 at 2-3.  The Court granted

Defendants' motion and denied Plaintiff's motion to stay.  The Court, however, granted Plaintiff

leave to file another amended pleading.  D.E. 33.

Plaintiff filed the SAC on October 25, 2021, D.E. 35, and Defendants filed a motion to

dismiss, D.E. 40.  The Court granted Defendants' motion and dismissed the SAC with prejudice.

D.E. 45, 46.  Plaintiff seeks for the Court to reconsider this decision.  D.E. 48 at 2.  In the motion

for reconsideration, among other things, Plaintiff also argues that the undersigned should be

disqualified.  D.E. 48 at 10-11.  Plaintiff subsequently filed two letters further indicating that the

undersigned should recuse himself because of personal bias.[2]  D.E. 50, 51.  In one letter, Plaintiff

states that she wants to withdraw the motion for reconsideration so that her recusal request can be

considered before the motion for reconsideration.  D.E. 50.  As a result, the Court addresses the

recusal issue first.

---

[2] One of Plaintiff's letters is dated December 14, 2021, but was mailed on June 21, 2022, and
docketed on June 28, 2022.  *See* D.E. 51.

## II.   RECUSAL

The determination regarding recusal lies within the sound discretion of the judge managing the matter. *United States v. Wilensky*, 757 F.2d 594, 599-600 (3d Cir. 1985).  Two statutes govern the circumstances in which a judge should recuse himself.  The first, 28 U.S.C. § 455, provides in pertinent part that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned."  *Allen v. Parkland Sch. Dist.*, 230 F. App'x 189, 193 (3d Cir. 2007) (citation omitted).

The second, 28 U.S.C. § 144, mandates that a judge recuse himself "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  28 U.S.C. § 144.  A "substantial burden is imposed on the party [seeking recusal under § 144] to demonstrate that the judge is not impartial."  *Frolow v. Wilson Sporting Goods Co.*, No. 05-4813, 2011 WL 1337513, at *2 (D.N.J. Apr. 7, 2011) (citation omitted).  To meet her burden, a movant must show that "(1) the facts must be material and stated with particularity; (2) the facts must be such that, if true they would convince a reasonable man that a bias exists; (3) the facts must show the bias is personal, as opposed to judicial, in nature."  *Id.* (citing *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973)).

Plaintiff's recusal request appears to be based on the second statute.  First, Plaintiff argues that the undersigned has a personal bias because I previously worked in private practice defending clients accused of white-collar fraud, like Defendants in this matter.  D.E. 50.  Plaintiff also

3

contends that the undersigned is threatened by Defendants' attorney's conduct in this matter.  D.E. 51.

Plaintiff presents no credible basis for recusal.  Plaintiff does not provide evidence or other objective information which even marginally suggests that the undersigned has any personal prejudice against her or other biases that would impede my ability to dispassionately rule on the claims in this matter.  I have never met Plaintiff, Defendants' attorney, or an employee of either Defendant.  Moreover, the undersigned's prior experience in private practice does not impact my ability to impartially render a decision here.  The role of this Court is to resolve lawsuits in a fair, objective, and impartial manner, in accordance with the law, and based on the facts before it.  That is precisely what the undersigned has done and will continue to do.  Because Plaintiff provides no credible evidence demonstrating a personal prejudice or bias, Plaintiff's recusal request is denied.

## III.   MOTION FOR RECONSIDERATION

Turning to Plaintiff's motion for reconsideration, in the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i).  The rule requires that such motions be made within fourteen days of the entry of an order.  Plaintiff seeks for this Court to reconsider its June 8, 2022 Opinion and Order.  Plaintiff's motion was docketed on June 23, 2022.  *See* D.E. 48.  Consequently, Plaintiff's motion is untimely.  But because Plaintiff is proceeding in this matter *pro se*, the Court will still consider the merits of Plaintiff's motion.

Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.  *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). Granting a motion for reconsideration is an "extraordinary remedy" to be approved "sparingly."

*NL Indus., Inc. v. Com. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citations omitted).

Moreover, a motion for reconsideration does not entitle a party to a second bite at the apple.

Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a

court's ruling or simply wishes to re-argue its original motion. *Sch. Specialty, Inc. v. Ferrentino*,

No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron,*

*Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988).  Finally, a motion for reconsideration

is not an opportunity to raise matters that could have been raised before the original decision was

reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

Plaintiff seeks reconsideration due to a variety of reasons, including that the decisions in

this matter were untimely, that the undersigned is biased, and that Plaintiff was improperly

required to reveal her defenses and evidence.  D.E. 48.  None of Plaintiff's purported bases for

reconsideration fall into the three recognized categories that could entitle Plaintiff to

reconsideration.  Consequently, Plaintiff fails to meet the burden required to grant a motion for

reconsideration.  Plaintiff's motion for reconsideration is denied.

## IV.    CONCLUSION

Accordingly, and for good cause shown,

IT IS on this 1st day of August, 2022,

**ORDERED** that Plaintiff's request that the undersigned recuse himself from this matter

(D.E. 50, 51) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for reconsideration (D.E. 48) is **DENIED**; and it is

further

6

**ORDERED** that the Clerk's Office is directed to mail a copy of this Opinion & Order to

Plaintiff via certified and regular mail.


_____

John Michael Vazquez, U.S.D.J.